IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JEREMY BAILEY,

           Plaintiff,

v.                                CIVIL ACTION NO. 3:10-0969

BRANCH BANKING & TRUST COMPANY,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are two motions for summary judgment by Defendant Branch Banking & Trust Company. The first motion is a Motion for Summary Judgment as to its Counterclaim. [Doc. No. 87]. The second motion is a Motion for Summary Judgment as to the Complaint's Common Law Claims. [Doc. No. 89]. For the following reasons, the Court **DENIES** both motions. In addition, the Court **DENIES** Defendant's requests for hearings on both motions. [Doc. Nos. 94 and 96].

**I.
FACTS**

Plaintiff Jeremy Bailey was issued a credit card by Defendant, which he used to make various purchases. Plaintiff asserts he began struggling financially when his wife lost his job, and he could no longer afford to pay his bills on time. He also states Defendant increased his minimum monthly payment on the credit card from $151 to $900 per month, which was more than he could pay. In the Spring of 2009, Plaintiff stopped making payments on his credit card balance. Defendant asserts the amount due on the card is $5,676.79, plus contractual interest at a rate of 6.00%.

After he stopped paying on the card, Plaintiff states he started receiving numerous collection calls on his personal cell phone and at work. He claims the calls were so frequent they made his life intolerable. In addition, he contends the calls were abusive and oppressive to the point they caused him increased stress, embarrassment, and inconvenience and interfered with his work and marriage. Plaintiff further states he told Defendant to stop calling him and to communicate only with his attorney. Nevertheless, Plaintiff asserts Defendant continued to call him on his cell phone and at work.

As a result, Plaintiff filed this action against BB&T for violations of West Virginia's Consumer Credit Protection Act (WVCCPA), West Virginia Code § 46A-1-101 *et seq.*,[1] and

---

[1] Plaintiff specifically makes claims under West Virginia Code §§ 46A-2-125(d), 46A-2-126, and 46A-1-128(e). Section 46A-2-125(d) provides:

> No debt collector shall unreasonably oppress or abuse any person in connection with the collection of or attempt to collect any claim alleged to be due and owing by that person or another. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
>
> \* \* \*
>
> (d) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number.

W. Va. Code § 46A-2-125(d). Section 46A-2-126 states, in part: "No debt collector shall unreasonably publicize information relating to any alleged indebtedness or consumer." W. Va. Code § 46A-2-126. Finally, § 46A-1-128(e), provides:

(continued...)

negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and for invasion of privacy.[2] Defendant answered the Complaint and filed a counterclaim for breach of contract for failing to make regular and required payments on his credit card. In its motions, Defendant seeks summary judgment in its favor on the credit card debt and the common law claims.

## II.
## STANDARD OF REVIEW

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the

---

[1](...continued)
> No debt collector shall use unfair or unconscionable means to collect or attempt to collect any claim. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
>
> \*     \*     \*
>
> (e) Any communication with a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily ascertained, unless the attorney fails to answer correspondence, return phone calls or discuss the obligation in question or unless the attorney consents to direct communication.

W. Va. Code § 46A-1-128(e).

[2]Plaintiff also stated claims for violating West Virginia Code § 61-8-16, but those claims were dismissed by stipulation.

light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III.
## DISCUSSION

### A.
### Counterclaim

Defendant seeks summary judgment on its counterclaim to be reimbursed the principal and interest due on Plaintiff's credit card. However, the Court finds that summary judgment on this issue is premature. As indicated by Plaintiff, if Defendant is liable under the WVCCPA, the debt in question may be completely voided. *See* W. Va. Code § 46A-5-101(2) (providing, in part, "[i]f a creditor has violated the provisions of this chapter respecting authority to make regulated consumer loans, the loan is void and the consumer is not obligated to pay either the principal or the loan finance charge"); W. Va. Code § 46A-5-105 (stating "[i]f a creditor has willfully violated the provisions of this chapter applying to illegal, fraudulent or unconscionable

conduct or any prohibited debt collection practice, in addition to the remedy provided in section one hundred one of this article, the court may cancel the debt when the debt is not secured by a security interest"). As Plaintiff's WVCCPA claims remain pending for trial, the jury's decision on these claims will directly impact whether he is obligated to pay the principal and interest on his credit card. If the jury determines that Defendant violated the WVCCPA, Plaintiff may owe nothing on the debt. Therefore, the Court **DENIES** Defendant's motion **without prejudice**.

### B.
### Common Law Claims

Defendant's second motion is for summary judgment on Plaintiff's common law claims for negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and invasion of privacy. Defendant argues Plaintiff cannot proceed on his common law claims because he has made no direct and separate allegations from his claims under the WVCCPA. In response, Plaintiff argues he is not prohibited from bringing both types of claims. The parties agree the issue is controlled by *Casillas v. Tuscarora Land Co.*, 412 S.E.2d 792 (W. Va. 1991). Therefore, the Court looks to that case for guidance.

In *Casillas*, the plaintiffs filed a lawsuit against the seller of certain real property and the bank which financed the sale for breach of duty, common law negligence, concealment, and fraud for damage caused by a flood. 412 S.E.2d at 793. In its amended answer, the bank raised an affirmative defense that all the plaintiffs' claims were barred under the WVCCPA. *Id.* Applying the provisions of the WVCCPA, the trial court determined a lender could not be liable for a claim arising from or growing out of damage to property. *Id.* at 794. As the plaintiffs' negligence and fraud claims against the bank grew out of property damage, the trial court directed a verdict in the

bank's favor. *Id*. The plaintiffs appealed and argued the trial court improperly relied upon the WVCCPA because they brought common law claims and did not plead claims under the Act. *Id*. Thus, the West Virginia Supreme Court was asked to decide whether the WVCCPA "bars a party's right to bring a common law claim in negligence and fraud." *Id*.

In deciding this issue, the court first looked to the purpose of the WVCCPA. In doing so, the court noted the purpose of the Act was to "extend protection to the consumers and persons who obtain credit in this State[.]" *Id*. "The legislative history of the Act makes it clear that the purpose of creating the Act was because so many consumers failed to accomplish any results at common law against creditors." *Id*. at 795. The court specifically held that the Act "does not preclude claims brought at common law against assignees, holder, or lenders." *Id*. at 795 (quoting, thereafter, West Virginia Code §§ 46A-2-101(3) and 46A-2-102(3), which provide: "Nothing contained in this section shall be construed as affecting any buyer's or lessee's right of action, claim or defense which is otherwise provided for in this Code or at common law." W. Va. Code §§ 46A-2-101(3) and 46A-2-102(3)). Moreover, the court found "[n]othing within the Act's limitation of liability provisions provides immunity at common law for the misconduct of a lender, assignee, or holder which results in damages." *Id.* Therefore, the court held "that a common law action of fraud may be maintained against a lender, assignee, or holder where direct allegations of fraud or misrepresentation exist separate from the Act." *Id*.

Defendant seizes upon the words "direct" and "separate" and argues Plaintiff has failed to properly assert both common law claims and claims under the WVCCPA in his Complaint.

-6-

Specifically, Defendant insists Plaintiff must have an independent factual basis to maintain his common law claims "direct" and "separate" from his WVCCPA claims, which Defendant asserts he has not done. Upon review, the Court disagrees with Defendant's interpretation of *Casillas*.

In *Casillas*, the court made it abundantly clear that a plaintiff can maintain both claims both under the WVCCPA and common law. The words "direct" and "separate" do not mean that a plaintiff must have a completely separate factual basis to support those claims, it merely means the plaintiff must make "direct" and "separate" claims in the complaint, i.e., a claim under the WVCCPA and a "direct" and "separate" claim under common law. It would be contrary to both the legislative intent of the WVCCPA and the whole crux of *Casillas* if the Court were to preclude consumers from bringing actions for violations of the WVCCPA and common law merely because the claims are based upon similar facts. Indeed, this Court appreciates that the factual predicate for both WVCCPA and common law claims involving debt collection practices will likely be substantially similar in most cases. Neither the WVCCPA nor *Casillas* makes a consumer choose between the two options. A consumer clearly can choose to pursue both avenues provided "separate" claims are set forth in a complaint. As Plaintiff in this case properly set forth claims under the WVCCPA in Count One and direct and separate claims under common law in Counts Two through Five, the Court **DENIES** Defendant's motion for summary judgment on his common law claims.

## III.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES without prejudice** Defendant's Motion for Summary Judgment as to the Counterclaim [doc. no. 87] and **DENIES** Defendant's Motion for Summary Judgment as to the Complaint's Common Law Claims [doc. no. 89]. The Court further **DENIES** Defendant's requests for hearings on both motions [doc. nos. 94 and 96].

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:       June 23, 2011

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE